Steven Edward MANNING, Petitioner–Appellant,

v.

Phil FOSTER, Respondent–Appellee.

No. 97–35664.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2000.

Filed Aug. 22, 2000.

Teresa Hampton, Hampton & Elliott, Boise, Idaho, for the appellant.

T. Paul Kruegger II, Deputy Attorney General, Boise, Idaho, for the appellee.

Before: BROWNING, FLETCHER and GOULD, Circuit Judges.

FLETCHER, Circuit Judge:

Steven Edward Manning filed this habeas petition alleging ineffective assistance of counsel because his defense attorney failed to file an appeal from the conviction even after Manning specifically requested him to appeal. The district court dismissed the petition on procedural grounds and also on the merits. We reverse and remand.

I

Manning was convicted of lewd conduct with and sexual abuse of a child under the age of 16 years pursuant to Idaho Code §§ 18–1508 and 1506, and of felony failure to appear pursuant to Idaho Code § 18–7401. Judgment was entered September 23, 1994. Manning was entitled to file a direct appeal within 42 days of the judgment.

In an October 19, 1994 telephone conversation, Manning informed his attorney, Joel Ryan, that he would like to appeal the conviction. Ryan apparently told Manning that Manning should put this request in writing. On October 24, 1994, Manning sent a letter to Ryan confirming his desire to appeal. However, Ryan wrote back to tell Manning that a clerical error in the public defender's office prevented him from seeing the letter until November 6—days after the deadline for filing an appeal.

In Ryan's letter, he told Manning that he could not appeal the conviction. He stated that Manning's remaining option was to file a motion to reconsider the sentence. "However, Judge Judd does not have to grant you a hearing on the motion and my experience has been he rarely grants them at all." Ryan went on to state that he would assist in an appeal from the judge's denial of the motion to reconsider the sentence, but that "I don't expect positive results from the appellate court." The motion to reconsider was filed and, as expected, rejected by the trial court, and no appeal was taken.

Under Idaho Code § 19–4902, Manning was entitled to file an ineffective assistance of counsel claim in state court within one year of his conviction. However, he did not file any action in state court. On

March 21, 1996, Manning filed this habeas petition in federal court, asserting that he was denied effective assistance of counsel when Ryan failed to file a direct appeal from his conviction.

Manning claims that he did not file for state post-conviction relief because of Ryan's active interference. He asserts that Ryan's representation that a motion to reconsider the sentence was the only legal option left led him to believe that no other post-conviction relief was available. According to Manning, Ryan misled him in such a way as to prevent him from claiming that Ryan's assistance had been ineffective, and the ineffective assistance claim was almost certain to succeed.

## II

The district court had jurisdiction over Manning's habeas petition pursuant to 28 U.S.C. § 2254. On March 12, 1997, the district court dismissed the petition because it found that Manning procedurally defaulted by failing to exhaust state court remedies, and also because it found that he failed to state a claim for ineffective assistance of counsel. Manning filed a timely notice of appeal on March 24, 1997. The district court found that the appeal could not proceed unless it issued a certificate of probable cause ("CPC"), and, finding that "reasonably debatable issues are presented by this appeal of the Petitioner's claim of ineffective assistance of counsel," granted the CPC. Subsequently, in *Slack v. McDaniel,* —— U.S. ——, 120 S.Ct. 1595, 1602–03, 146 L.Ed.2d 542 (2000), the Supreme Court held that a petitioner filing a habeas appeal after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") is required to obtain a certificate of appealability ("COA"), not a CPC. Since AEDPA's effective date is April 24, 1996, and Manning initiated this appeal on March 24, 1997, this requirement applies to him.

Under the former provisions governing CPCs, a petitioner was required to make "a substantial showing of the denial of a federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d

1090 (1983). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack,* the Court noted that

> [e]xcept for substituting the word "constitutional" for the word "federal," § 2253 is a codification of the CPC standard announced in *Barefoot v. Estelle,* 463 U.S. at 894, 103 S.Ct. 3383. Congress had before it the meaning *Barefoot* had given to the words it selected; and we give the language found in § 2253(c) the meaning ascribed it in *Barefoot,* with due note for the substitution of the word "constitutional."

120 S.Ct. at 1603. Because we hold that Manning demonstrated that he was denied his constitutional rights with respect to the ineffective assistance of counsel claim and that the district court was incorrect in its procedural ruling, we conclude that he has made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore grant the COA as to both issues and exercise jurisdiction over these issues on appeal pursuant to Section 2253.

We review the district court's decision to dismiss the habeas petition for procedural default *de novo.* *See Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir. 1997). We also review *de novo* the district court's decision to deny the habeas petition on the merits. *See McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir.1999).

## III

We first examine whether the district court erred in holding that Manning's habeas petition is barred by a procedural default. As a general rule, habeas petitioners must exhaust state court remedies before filing for a writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g. Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, a procedural default arising from the failure to exhaust may be excused if the petitioner "can demonstrate cause

for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. A fundamental miscarriage of justice occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Since Manning does not claim innocence, we examine whether he has asserted "cause" and "prejudice" to excuse his procedural default.

*A. Cause*

■ To allege cause for a procedural default, a petitioner must assert that the procedural default is due to an "objective factor" that is "external" to the petitioner and that "cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546.

The courts have recognized several general categories of claims that constitute cause for a procedural default. In *Murray,* the Supreme Court gave as one example of cause "some interference by officials [that] made compliance [with procedural rules] impracticable." 477 U.S. at 488, 106 S.Ct. 2639 (citation omitted). In *Francis v. Rison,* 894 F.2d 353, 355 (9th Cir.1990), we held that prison officials' interference with a petitioner's access to administrative remedies can be cause for a procedural default.

■ Constitutionally ineffective assistance of counsel has also been considered cause for a procedural default. *See Murray,* 477 U.S. at 488, 106 S.Ct. 2639. However, there is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman,* 501 U.S. at 752, 111 S.Ct. 2546. Therefore, any ineffectiveness of Manning's attorney in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage. *See id; see also Ortiz v. Stewart,* 149 F.3d 923, 933 (9th Cir.1998) (ineffective representation in post-convic-

tion proceeding does not constitute cause for procedural default).

The Eighth Circuit has recognized another form of cause for a procedural default—where a petitioner is represented by an attorney who has an actual conflict of interest. *See Jamison v. Lockhart,* 975 F.2d 1377, 1379 (8th Cir.1992) (where petitioner relied on counsel "whose loyalty was tainted by conflict of interest," petitioner asserted cause for a procedural default). In the Eighth Circuit, an attorney's conflict of interest may be cause for a procedural default regardless of whether the petitioner has a valid claim of ineffective assistance of counsel. *See Joubert v. Hopkins,* 75 F.3d 1232, 1243 (8th Cir.1996) ("Interference by the state, ineffective assistance of counsel, *and* conflicts of interest are examples of factors external to the defense which prevent a petitioner from developing the factual basis of his claim.") (emphasis added).

We have addressed whether conflict of interest is a cause for a procedural default, but only in the context of whether counsel was ineffective. In *Nevius v. Sumner,* 105 F.3d 453, 459 (9th Cir.1996), the petitioner argued that his counsel "were incapable of acting as his agents by reason of the conflict that precluded them from asserting their own ineffectiveness at trial and on appeal" and therefore "were without authority to default any of his substantive claims." We rejected the petitioner's contention, stating that this argument fails because the petitioner had no right to counsel in habeas proceedings, and asserting that the argument was foreclosed by our decision in *Bonin v. Calderon,* 77 F.3d 1155 (9th Cir.1996) (*Bonin III*) (holding that ineffective assistance of counsel claim was defaulted for not being raised in first habeas petition, even though the same counsel represented petitioner in both proceedings, because there was no right to counsel in habeas proceedings). *See also Moran v. McDaniel,* 80 F.3d 1261 (9th Cir.1996) (rejecting a claim that conflict of interest precluding habeas counsel from

asserting his own ineffectiveness at trial constituted cause for procedural default because there was no right to counsel in habeas proceedings).

In these cases we examined only whether the conflict of interest between the habeas petitioner and counsel constituted a denial of the Sixth Amendment right to counsel. *See supra.* That is because conflict of interest claims are usually considered under the rubric of the Sixth Amendment right to counsel. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The situation here, however, is quite different. Manning is not arguing that he was denied his right to counsel because his lawyer was conflicted; he is arguing that he was denied access to habeas proceedings because his lawyer interfered with his right to petition. We have never considered whether a conflict of interest, independent of a claim of ineffective assistance of counsel, should constitute cause where the conflict caused the attorney to interfere with the petitioner's right to pursue his habeas claim. We think that it must.

A petitioner need not allege a constitutional violation in order to establish cause for a procedural default. *See Murray,* 477 U.S. at 488, 106 S.Ct. 2639 (interference by officials may be cause). Nor are we limited to considering only those actions that fit within previously recognized fact patterns as cause for a procedural default. Instead, we may consider any "objective factor" that is "external" to the petitioner and that "cannot fairly be attributed to him" as cause. *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. The task before us, therefore, is to determine whether Manning's counsel's actions were objective factors external to Manning.

In this case, there was a clear conflict between Manning's interest in presenting and prevailing in his ineffective assistance claim and Ryan's interest in protecting himself from the damage such an outcome would do to his professional reputation and from exposure to potential malpractice liability or bar discipline. That an attorney would have great incentives to prevent a client from prevailing in an ineffective assistance claim is both self-evident and well documented in the case law. In *United States v. Del Muro,* 87 F.3d 1078, 1080 (9th Cir.1996), for example, we held that an attorney who was appointed to represent a defendant in a motion for a new trial had interests "diametrically opposed" to those of the defendant, in that he "was compelled to ... prove his services to the defendant were ineffective." We found that "[t]he conflict was not only actual, but likely to affect counsel's performance." *Id; see also Abbamonte v. United States,* 160 F.3d 922, 925 (2nd Cir.1998) (an attorney is generally "not inclined to seek out and assert his own prior ineffectiveness" and thus procedural default on ineffective assistance claim will be excused unless the default was caused when different counsel was representing petitioner on appeal and claim is based solely on trial record); *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991) (failure to raise ineffective assistance of counsel on direct appeal will not bar petitioner from asserting that claim in a subsequent habeas petition "if his counsel for the direct appeal was his trial counsel, who can hardly be expected to challenge on appeal his own effectiveness at trial").

Other circuits have examined situations in which an attorney's failure to act, caused by his own self-interest, was considered an external factor that could not be imputed to the petitioner. In *Hollis v. Davis,* 941 F.2d 1471 (11th Cir.1991), the petitioner's defense attorney failed to challenge the systematic exclusion of blacks from the jury. He did so out of "fear of community reaction or loss of practice." *Id.* at 1479. The court found that even if the representation "was not constitutionally ineffective," an attorney's self-interested failure to object "is an 'objective factor external to the defense' which is 'cause' for the procedural default." *Id.; see also Goodwin v. Balkcom,* 684 F.2d 794, 809 n.

17 (11th Cir.1982) (where attorney failed to object to the racial composition of the jury lists because he feared adverse social and professional repercussions, the fact that the attorney acted out of concern for his own reputation made it likely that "cause" existed for procedural default); *Whitus v. Balkcom,* 333 F.2d 496, 499 (5th Cir.1964) (failure to object to systematic exclusion of blacks from the jury did not bar habeas review because the failure to make the objection was due to the attorney's fear of "the hostility an attack on the all-white jury system would stir up").

The state alleges that by following these cases we would violate the general rule that a habeas petitioner must "bear the risk of attorney error" even if the attorney is ineffective. *See Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. We disagree. We do not attribute an attorney's errors to the client where the attorney is acting only on her or his own behalf, and does not actually represent the client. *See Deutscher v. Angelone,* 16 F.3d 981, 984 (9th Cir.1994) (declining to attribute an attorney's unauthorized self-interested actions in post-conviction proceedings to the petitioner).

In *Deutscher,* the petitioner's defense attorney (who was ineffective at trial) filed a habeas petition without the petitioner's knowledge or consent which failed to raise the petitioner's ineffective assistance of counsel claim. 16 F.3d at 984. We found that the attorney did not actually represent the petitioner, and thus the habeas petition was not attributable to the petitioner. *Id.*

Subsequently, in *Nevius v. Sumner,* a habeas petitioner attempted to take advantage of the *Deutscher* ruling by disavowing his habeas petition because he claimed that his attorney's conflict of interest made it so that he no longer represented the petitioner. 105 F.3d at 458–459. However, in that case the petitioner had specifically authorized his counsel to prepare the habeas petition and had personally signed the petition. *Id.* We stated that while we do not hold the petitioner to the consequences of the attorney's actions where

the actions are taken "without the knowledge or consent of the petitioner," where a petitioner authorizes and signs his own petition, he is not "entitled to have the petition disregarded if he later makes a showing that he was not fully informed of its consequences by his attorney." *Id.*

Here, according to Manning, Ryan had authority to represent him in the motion to reconsider the sentence only because Ryan told him that this was his last legal option. In so doing, Manning alleges Ryan led him to believe that he had no recourse to habeas proceedings. If Ryan was not authorized to act on Manning's behalf in habeas proceedings, *Deutscher* directs us to find that Ryan's actions that prevented Manning from obtaining state post-conviction relief cannot be attributed to Manning. We therefore hold that Manning may assert as cause for his procedural default the actions of his attorney which, even though not constitutionally defective, were not attributable to him because they were both unauthorized and tainted by a conflict of interest.

We remand to the district court for a limited factual hearing to determine whether Ryan's actions effectively prevented Manning from learning of and vindicating his right to petition for state post-conviction relief within one year of his conviction.

## B. Prejudice

We now turn to the question of whether Manning has demonstrated "prejudice as a result of the alleged constitutional violations." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. That is, has Manning shown prejudice arising from Ryan's failure to file an appeal from the conviction?

Where an attorney fails to file an appeal, and the petitioner can prove that he would have appealed "but for" counsel's failure to file, prejudice is presumed. *See Roe v. Flores–Ortega,* —— U.S. ——, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985 (2000). Manning timely in-

formed his attorney of his desire to appeal in both a phone conversation and a letter. Ryan acknowledged Manning's timely direction to appeal. Thus, Manning has demonstrated that, but for his attorney's errors, he would have appealed his sentence. He has therefore shown "prejudice."

## IV

■■■ We also hold that the district court erred in holding that Manning failed to state a claim of ineffective assistance of counsel on appeal. Both parties agree that the district court misapprehended the law. As set out above, prejudice is presumed when an attorney fails to file an appeal against the petitioner's express wishes. *See Flores–Ortega,* 120 S.Ct. at 1038. Such failure always constitutes ineffective assistance of counsel. *See id.*

Thus, if Manning can demonstrate cause for his procedural default, he is entitled to habeas relief that will allow him to file a direct appeal from his conviction. *See United States v. Stearns,* 68 F.3d 328, 330–331 (9th Cir.1995) (ordering the reinstatement of the right to appeal and suggesting that the existing judgment be vacated and reinstated to allow a fresh appeal) *rev'd on other grounds, Flores–Ortega,* —— U.S. ——, 120 S.Ct. 1029, 145 L.Ed.2d 985.

## V

We therefore remand to the district court for a limited factual hearing. If the district court determines that Ryan's actions led Manning to procedurally default, the district court shall grant the writ of habeas corpus and remand to state court with directions to vacate and reenter the judgment and sentence so that Manning has an opportunity to file a direct appeal from his conviction.

REVERSED and REMANDED