**Timothy Roosevelt BOLES,
Petitioner–Appellant,**

v.

**Terry STEWART; Grant Woods,
Attorney General, Respondents–
Appellees.**

No. 99–16496.

D.C. No. CV–97–00918–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Boles's request for oral argument is denied.

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

■ Arizona state prisoner Timothy Roosevelt Boles appeals the district court's denial of his 28 U.S.C. § 2254 petition on procedural default grounds. We have jurisdiction under 28 U.S.C. § 2253 and we dismiss the petition for failure to exhaust state remedies. 28 U.S.C. § 2254(c). This court reviews de novo the district court's decision to deny the habeas petition on grounds of procedural default. *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000).

Boles contends the district court erred by denying his petition based on procedural default. Boles was sentenced on April 23, 1993, after a jury convicted him of various burglary, kidnaping, and sexual offenses. Boles filed an appeal after being granted a petition for post-conviction relief allowing him to file a delayed appeal. The Arizona Supreme Court eventually affirmed Boles's convictions on March 13, 1997. Boles then filed the instant federal habeas corpus petition contending that DNA evidence and related testimony admitted at trial was highly prejudicial and inadmissible, the prosecutor improperly characterized evidence, and that insufficient evidence existed as to two victims. The district court denied the petition based on its conclusion that Boles had procedurally defaulted his claims by not raising them properly in the state court.

■ Boles contends that appellate counsel's ineffectiveness in failing to preserve his claims for review is cause for his procedural default and resulted in prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). This contention was raised for the first time in Boles's response to the order to show cause issued by the magistrate judge and was never presented in his habeas petition or in any appeal to the Arizona state courts. Consequently, Boles has not exhausted this claim in state court and the petition should have been dismissed without prejudice. *See* 28 U.S.C. § 2254(c); *Edwards*, 429 U.S. at 451, 453 (holding that an ineffective assistance of counsel claim alleged to be cause for the procedural default of other claims is itself an independent claim subject to the procedural requirements of exhaustion.).

VACATED and REMANDED with instructions to dismiss without prejudice and stay the petition pending exhaustion.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All outstanding motions are denied.