UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael E. PARKER, Defendant—
Appellant,

No. 01–55082.
D.C. Nos. CV–95–01241–RMT,
CR–91–00165–RMT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2002.

Decided Feb. 19, 2002.

Before SCHROEDER, Chief Judge,
McKEOWN, Circuit Judge, and ZILLY,[1]
District Judge.

### MEMORANDUM *

Michael Parker appeals from the district
court's dismissal of his federal habeas peti-
tion, filed pursuant to 28 U.S.C. § 2255, on
grounds that it was procedurally barred.

---

1. The Honorable Thomas S. Zilly, United
States District Judge for the Western District
of Washington, sitting by designation.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ At the outset, Parker argues that the district court erred in failing to convert his § 2255 petition into a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. We note, however, that Parker did not raise this argument—either before the district court or an earlier merits panel of this Court—during the first phase of his federal habeas proceedings.[2] Moreover, Parker was not time-barred from filing such a motion earlier, nor is there any indication in the record that Parker, who was appointed very able counsel by the district court to represent him post-conviction, was in any way impeded from attempting to restyle his § 2255 petition as a motion for a new trial. Consequently, Parker's Rule 33 argument is foreclosed because he failed to raise it prior to the district court's initial summary dismissal of his § 2255 petition. *See United States v. Real Property Located At 25445 Via Dona Christa, Valencia, California,* 138 F.3d 403, 409 (9th Cir. 1998), *as amended by* 170 F.3d 1161, 1162 (9th Cir.1999).[3]

■ Parker also argues that the district court erred by finding that he was procedurally barred from raising the juror misconduct claim because he failed to demonstrate cause for not raising the claim in a motion for a new trial filed within days after the jury's verdict. *See United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). We review the district court's legal conclusions de novo, *Manning v. Foster,* 224 F.3d 1129, 1132 (9th Cir.2000), and its findings of fact for clear error. *United States v. Mett,* 65 F.3d 1531, 1534 (9th Cir.1995). Parker contends that he lacked the factual predicate for asserting a juror misconduct claim related to Parker's sexual misconduct. We disagree.

As Parker's attorneys disclosed during the evidentiary hearing, they had communicated with the potential witness, Burns, shortly after the verdict was announced; Burns told them about Benjamin's admission that she had conversed with the juror about the trial. Although Parker's attorneys did not learn explicitly until the evidentiary hearing that the juror was aware of a possible Parker girlfriend,[4] their knowledge that the juror had conversed with one of Burns' colleagues was more than sufficient to place them on notice that improper communication occurred and that the juror may have learned about a possible affair. At that point, they could have alerted the district court about the supposed misconduct and sought an evidentiary hearing or other discovery to develop a factual basis for raising juror misconduct allegations. As the district court noted, however, Parker's attorneys made a "conscious" decision not to raise the juror misconduct claim in the motion for a new trial. Having failed to raise it at that time, Parker is procedurally barred from asserting

---

**2.** Indeed, the first merits panel made reference in its memorandum disposition to Parker's "federal habeas corpus petition."

**3.** If Parker had timely converted his § 2255 petition into a Rule 33 motion, he would not have qualified for collateral relief because he failed to present any "newly discovered" evidence. Fed.R.Crim.P. 33.

**4.** Considering that the district court was similarly unaware that Parker's attorneys had prior knowledge of contact between Burns and Benjamin, it would not have had reason to suspect during the first phase of this proceeding that Parker's juror misconduct claim was procedurally barred. Consequently, Parker's argument that the government is foreclosed by the first merits panel's mandate from argu-

it in a subsequent § 2255 petition.[5]

**AFFIRMED.**

ing that Parker does not have "cause" lacks merit.

5. Parker's reliance on *United States v. Jackson,* 209 F.3d 1103 (9th Cir.2000), is misplaced. The petitioner in *Jackson* did not learn about the factual predicate for a juror misconduct claim until more than three years after the trial, *id.* at 1108, whereas Parker had sufficient information within days after his trial to raise the issue with the district court.