**Lawrence BREEDLOVE, Petitioner— Appellant,**

v.

**Tana WOOD; John Lambert, Respondents—Appellees.**

**No. 00–35750.**

**D.C. No. CV–99–05098–RJB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2002.

Decided July 1, 2002.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM \*

The Washington district court had personal jurisdiction over Lawrence Breedlove's ("Breedlove's") 28 U.S.C. § 2254 habeas petition even though Breedlove was transferred to an Oklahoma prison pursuant to the Interstate Corrections Compact Act before the petition was filed. *See* Wash. Rev.Code § 72.74.020. The "sending" state has continued jurisdiction over and constructive custody of a prisoner transferred under the Interstate Corrections Compact Act. *See Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir.1986) (deciding habeas jurisdiction over a prisoner convicted of rape in Nebraska but transferred to Nevada under the Interstate Corrections Compact was in Nebraska). Washington had jurisdiction because Breedlove challenged the validity of his Washington conviction and sentence rather than the execution of the sentence. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (holding a Kentucky district court had jurisdiction over an Alabama prisoner's habeas petition challenging a Kentucky indictment). *Cf. Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989) (deciding a Washington district court lacked personal jurisdiction over a petition filed by a prisoner incarcerated in Illinois because the petition was not challenging the validity of his Washington conviction but only the execution of his sentence).

It was not error for the district court to deny Breedlove's habeas claims one, two, three, four, and six because they were procedurally defaulted. Breedlove failed to exhaust these claims in state court because he did not submit them to the Washington Supreme Court as presenting questions of federal law. *See Lyons v.*

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Crawford,* 232 F.3d 666, 668 (9th Cir.2000), *amended by* 247 F.3d 904 (9th Cir.2001) ("a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law"). In his appeal to the Washington Supreme Court, Breedlove did not cite the federal constitution, federal statutes or federal case law. *See id.* at 670. Since Breedlove would now be procedurally barred from exhausting the claims in Washington state court,[1] they are procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The district court properly refused to excuse Breedlove's procedural default. Breedlove failed to establish cause and actual prejudice or demonstrate that the court's failure to consider his claims would result in a "fundamental miscarriage of justice." *See id.* at 750. Breedlove failed to show the default was due to an objective factor external to him and not fairly attributed to him. *See Manning v. Foster,* 224 F.3d 1129, 1133 (9th Cir.2000). He did not explain how he was prejudiced by the alleged state court errors. He offered no evidence of actual innocence that might result in a "fundamental miscarriage of justice" if his claims were not reviewed. *See Murray v. Carrier,* 477 U.S. 478, 496 (1986).

The district court did not abuse its discretion by ruling on Breedlove's habeas petition even though his state post-conviction proceedings were not complete. Under 28 U.S.C. § 2254(b)(2), a district court may deny a habeas petition on its merits even if the petitioner has not exhausted his state remedies "if it is perfectly clear that the applicant does not raise even a colorable federal claim." *See Lambert v. Blackwell,* 134 F.3d 506, 515 (3d Cir.1997). The "new issues" Breedlove contends arose in the post-conviction remand hearing related to claims one (unknowing/involuntary plea) and six (ineffective assistance of counsel). Those claims were not colorable because they were procedurally defaulted. Moreover, any alleged errors in Breedlove's state post-conviction proceedings cannot be addressed in this habeas proceeding. *See Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir.1996), *vacated on other grounds,* 132 F.3d 463 (9th Cir.1997).

AFFIRMED.

---

1. Washington law prohibits filing a motion or petition for collateral attack on a judgment and sentence more than one year after the judgment becomes final. *See* Wash. Rev.Code § 10.73.090(1). Breedlove's judgment became final on September 5, 1996. *See* Wash. Rev.Code § 10.73.090(3).