Steven Edward MANNING, Petitioner—Appellee,

v.

Phil FOSTER, Respondent—Appellant.

No. 03–35099.

D.C. No. CV–96–00118–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 29, 2003.*

Decided Dec. 29, 2003.

Teresa A. Hampton, Boise, ID, for Petitioner–Appellee.

L. LaMont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent–Appellant.

Before BROWNING, B. FLETCHER, and GOULD, Circuit Judges.

## MEMORANDUM **

Warden Phil Foster ("the State") appeals the district court's decision granting petitioner Steven Manning's habeas corpus petition. We previously reversed the district court's denial of Manning's petition and remanded for an evidentiary hearing to determine whether the actions of Manning's attorney ("Ryan") were the cause of Manning's procedural default. *Manning v. Foster*, 224 F.3d 1129 (9th Cir.2000) (*"Manning I"*). On remand, the district court found that Ryan's actions did constitute cause and granted Manning's petition. In this appeal, the State argues that the district court applied an incorrect standard in evaluating Ryan's actions, and that the district court erred in finding that such actions constituted cause excusing Manning's default. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 2253. We review the district court's grant of the habeas petition *de novo, Hunter v. Ayers,*

336 F.3d 1007, 1011 (9th Cir.2003), and we affirm.

The district court applied the correct legal standard in finding that Ryan's actions constituted cause excusing Manning's procedural default. In our opinion in *Manning I*, we directed the district court to determine "whether Ryan's actions effectively prevented Manning from learning of and vindicating his right to petition for state post-conviction relief within one year of his conviction." 224 F.3d at 1135. The magistrate judge applied this standard after the evidentiary hearing, as did the district court in its independent review of the record.

The district court properly concluded that Ryan's actions constituted cause excusing Manning's procedural default. As the district court pointed out, Ryan's actions *taken together* constitute objective factors that are external to Manning and that cannot be fairly attributed to him. *See Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The record amply supports the district court's conclusion that the cumulative effect of Ryan's improper actions was to effectively prevent Manning from learning of and vindicating his right to petition for state post-conviction relief within one year of his conviction.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.