John Q. JOHNSTON, Petitioner,

v.

Jean HILL, Superintendent, Eastern Oregon Correctional Institution, Respondent.

No. Civ.99–1471–AA.

United States District Court, D. Oregon.

Sept. 30, 2004.

Christine Stebbins Dahl, Assistant Federal Public Defender, Portland, OR, for Petitioner.

Hardy Myers, Attorney General, Lynn David Larsen, Douglas Y.S. Park, Assistant Attorneys General, Department of Justice, Salem, OR, for Respondent.

OPINION AND ORDER

AIKEN, District Judge.

Petitioner, an inmate at Eastern Oregon Correctional Institution, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his due process rights were violated and he received ineffective assistance of counsel when he entered guilty pleas to two counts of aggravated murder and waived all rights to post-conviction relief. Respondent maintains that petitioner's waiver is valid and bars federal habeas relief. I agree with respondent and deny the petition.

## I. BACKGROUND

In 1990, petitioner was charged with five counts of aggravated murder arising from the deaths of George and Charmaine Meyers. The state sought the death penalty, on grounds that the murders were unprovoked and committed after the Meyers encountered petitioner and his co-defendant while committing a theft. The rather grisly details of the murders are well documented in the record and will not be repeated here.

On January 24, 1992, petitioner entered guilty pleas to two counts of aggravated murder in exchange for the state's recommendation that petitioner receive two sentences of life imprisonment under Or.Rev. Stat. § 163.105, which provided for the possibility of parole after thirty years. Ex. 102, p. 2; Transcript of Proceedings (TP), Volume VIII, pp. 1–16. The state also agreed that it would defer to the trial court on the question of whether the sentences should be imposed concurrently or consecutively. Ex. 102, p. 2.

The plea agreement contained several conditions, including requirements that petitioner provide to the state truthful information regarding the details of the murders, undergo a polygraph examination, and waive the attorney-client privilege concerning statements made to counsel. Additionally, the plea agreement included the following provisions:

> Johnston further agrees that as a condition of this agreement, and because he is satisfied that he has had excellent legal representation, he waives his right to seek any State or Federal post conviction relief or Habeas Corpus and he waives all rights of appeal except the specific right to challenge a legally excessive sentence on statutory grounds. Failure on Johnston's part to comply with this condition shall constitute a material breach of this agreement at the State's election.

> Johnston represents that he has read this agreement in full; and, that his attorneys Dennis Hachler and Ralph Smith have fully explained the consequences of all the provisions to him and that he understands them and that he enters into this agreement knowingly, freely and voluntarily.

Ex. 102, pp. 4–5. Underneath the latter provision is petitioner's signature dated January 23, 1992, along with the signatures of both defense attorneys and the district attorney. Id. at p. 5.

On March 3, 1992, the state trial court sentenced petitioner to two consecutive terms of life imprisonment with a minimum of thirty years. Ex. 101.

Petitioner appealed his sentence to the Oregon Court of Appeals, arguing that the imposition of consecutive life sentences violated the Oregon State Constitution. Ex. 103. The Court of Appeals affirmed petitioner's sentence without opinion, and petitioner did not seek review from the Oregon Supreme Court. Ex. 111; *State v. Johnston*, 123 Or.App. 644, 859 P.2d 1207 (1993).

On November 6, 1995, petitioner filed a petition for post-conviction relief (PCR) in state court, alleging that he received inef-

fective assistance from trial and appellate counsel, that his rights to due process were violated by virtue of an unfair sentencing proceeding and the imposition of consecutive sentences, and that his pleas of guilty were not knowing or voluntary. Ex. 112. In support of his PCR petition, petitioner submitted an affidavit in which he asserted that the waiver of his post-conviction rights was not knowing or voluntary, and that he was not advised as to the consequences of his pleas or the waiver. Ex. 114.[1]

The PCR court held a bench trial at which petitioner's trial counsel testified. Petitioner did not testify and presented no further evidence regarding the voluntariness of his plea. Relying on petitioner's statements during the plea proceedings as well as the testimony of trial counsel, the PCR court found that petitioner's plea and his waiver of post-conviction relief were rendered knowingly and voluntarily. Exs. 120, 121.

Petitioner appealed the PCR court's decision to the Oregon Court of Appeals. In his appeal, petitioner argued that his waiver of appeal and post-conviction rights was not knowing or voluntary because the trial court did not address the waiver during the plea colloquy, and that trial counsel rendered ineffective assistance of counsel by failing to ensure that petitioner's pleas were knowing and voluntary. Ex. 124. The Court of Appeals affirmed the denial of petitioner's PCR petition, and the Oregon Supreme Court denied petitioner's request for review. Exs. 132, 133; *Johnston v. Thompson*, 158 Or.App. 246, 972 P.2d 1233, *rev. den.*, 329 Or. 126, 994 P.2d 121 (1999).

On October 5, 2000, petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his guilty pleas were obtained in violation of his rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution and effective assistance of counsel under the Sixth and Fourteenth Amendments. Petitioner maintains that the waiver of post-conviction relief contained in his plea agreement is unenforceable and requests that the court allow petitioner to pursue post-conviction relief in state court, or, alternatively, to excuse exhaustion and hear petitioner's claims on the merits.

## II. DISCUSSION

Respondent argues that petitioner's waiver of his right to seek federal habeas relief precludes review of his § 2254 petition. Respondent contends that the waiver was given knowingly and voluntarily, and further, that the PCR court's decision that petitioner's pleas and waiver of post-conviction relief were knowing and voluntary is entitled to deference.

Petitioner responds that the waiver is unenforceable because trial counsel suffered from an actual conflict of interest when they advised petitioner to waive all prospective claims for post-conviction relief—including claims based on ineffective assistance of counsel. Petitioner maintains that prejudice must be presumed from this actual conflict, rendering petitioner's waiver unknowing and involuntary. Petitioner also argues that the record does not establish a knowing and voluntary relinquishment of post-conviction rights, because the trial court failed to advise petitioner of the waiver and the resulting legal consequences before accepting his guilty pleas.

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

---

1. Petitioner's affidavit was submitted in response to the state's motion for summary judgment on grounds that his waiver preclud-
ed state post-conviction relief. I note that the affidavit contained in the record is neither signed nor notarized. Ex. 114.

federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Here, the petition was filed after the effective date of the AEDPA, and the court reviews the PCR court's decision accordingly.[2]

The Supreme Court has explained that a state court decision is "contrary to" federal law only if it either: 1) fails to apply the correct Supreme Court authority; or 2) applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405–07, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"In *Williams* and in subsequent decisions the Supreme Court has repeatedly emphasized that 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.' " *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003) (quoting *Williams*, 529 U.S. at 410, 120 S.Ct. 1495). Thus, "[e]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1174–75, 155 L.Ed.2d 144 (2003) (rejecting Ninth Circuit's "clear error" standard for determining whether application of federal law by a state court is unreasonable under the AEDPA); *Clark*, 331 F.3d at 1068–69 (discussing *Lockyer* and appropriate standard of review).

■ Here, the PCR court determined that petitioner's plea and the accompanying waiver were knowing and voluntary and therefore enforceable. In his amended brief in support of the petition, petitioner does not address the PCR court's ruling or explicitly argue that it was contrary to or an unreasonable application of clearly established federal law.[3] Rather, petitioner contends that the PCR court "erroneously" enforced the waiver despite a inherent and prejudicial conflict of interest on the part of trial counsel.

■ Petitioner argues that when trial counsel advises a defendant to relinquish the right to seek post-conviction relief based on ineffective assistance, counsel labors under an "actual conflict of interest" that creates the presumption of prejudice resulting from counsel's performance. *See Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (a guilty plea is voluntary and intelligent as long as counsel's advice to enter the plea was "within the range of competence demanded of attorneys in criminal cases"). Thus, petitioner maintains that such a waiver is

---

**2.** Because the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review, the PCR court decision is the "last reasoned decision" subject to review. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004).

**3.** In his original brief in support of the petition, petitioner asserted that the PCR court's decision was contrary to clearly established federal law because it failed to apply controlling Supreme Court authority regarding petitioner's right to conflict-free counsel. Petitioner's Brief in Support of the Petition, pp. 23–24. However, this argument was omitted in petitioner's Amended Brief.

presumptively unknowing and involuntary absent advice from "independent" counsel regarding the waiver and its resulting legal consequences. Petitioner argues that because he did not receive advice from independent counsel, he was effectively denied counsel at a critical stage of the proceedings in contravention of his Sixth Amendment rights.[4]

Petitioner relies on *Manning v. Foster*, 224 F.3d 1129 (9th Cir.2000) to support his contention that counsel's desire to avoid a claim of ineffective assistance of counsel creates a division of loyalties resulting in an actual conflict and a presumption of prejudice. However, the precise issue in *Manning* was whether counsel's alleged interference with the defendant's attempt to seek post-conviction relief established cause to excuse procedural default. *Id.* at 1134. Petitioner here does not allege actual interference with his attempts to seek post-conviction relief on the part of trial counsel.

■ Moreover, the Supreme Court has made clear that, under the Sixth Amendment, an "actual conflict" is a conflict of interest that "adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 171–72 n. 5, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002); *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Therefore, I will not presume prejudice based on a "theoretical division of loyalties" arising from trial counsel's advice to accept a guilty plea containing a waiver of post-conviction rights. *Mickens*, 535 U.S. at 171, 122 S.Ct. 1237. Instead, petitioner must establish that the alleged conflict adversely affected trial counsel's performance.

In his § 2254 petition, petitioner does not allege or argue that trial counsel's performance was compromised by a desire to avoid ineffective assistance claims against them. Petitioner does not claim that counsel failed to investigate the charges against him or that they failed to prepare appropriate motions. Petitioner does not allege that counsel failed to advise him of the terms and conditions of the agreement or the relevant legal consequences, or that counsel misrepresented the waiver of his appellate and post-conviction rights. Plaintiff does not maintain that counsel thereafter failed to pursue his interests at sentencing in seeking concurrent rather than consecutive life sentences. Finally, petitioner does not allege that he did not receive any benefit from the plea agreement, which is understandable given that petitioner traded a potential sentence of death for one that could have allowed for parole after thirty years.

Petitioner notes that several Circuits have held, and the Ninth Circuit has implied, that a waiver of post-conviction relief does not preclude claims of ineffective assistance of counsel relating directly to the validity of the plea or waiver. *See Chesney v. United States*, 367 F.3d 1055, 1059 (8th Cir.2004) (defendant "did not waive the right to argue that his waiver of the right to file 'any and all post sentencing pleadings' was the result of ineffective assistance of counsel" and thus not knowing or voluntary); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir.2001) (accord; citing cases); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to

---

4. Respondent argues that this argument was not "fairly presented" to the Oregon state courts and is therefore barred by procedural default. *See* 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 277–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Anderson v. Harless*,

459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Because I reject this theory on its merits, I need not determine whether procedural default bars relief on this ground. 28 U.S.C. § 2254(b)(2).

bring a [habeas] petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999) (accord); *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.1994) (suggesting, in dictum, that a plea agreement could not waive claim of ineffective assistance affecting the validity of the plea). However, petitioner here does not argue that trial counsel's assistance affected the voluntariness or validity of his pleas or the waiver of post-conviction relief. Petitioner does not contend that counsel's advice to accept the plea agreement or waiver was outside the range of competence, or that but for counsel's advice, he would not have pleaded guilty. *Hill,* 474 U.S. at 58–59, 106 S.Ct. 366.

In sum, petitioner fails to present evidence or argument that trial counsel's performance was adversely affected by virtue of plea agreement waiver of post-conviction relief. The record would not support such claims in any event. Petitioner faced five counts of aggravated murder, and the state was seeking the death penalty. Trial counsel spent many hours working on the case, filed numerous motions, and strenuously asserted petitioner's interest at sentencing, with their efforts apparently resulting in threats of physical harm against them. TP, Sept. 29, 1997 (PCR trial), pp. 8–9; TP Volume IX, pp. 65–84; TP Volume X, pp. 181–85, 194–207, 208–09. Indeed, but for counsel's assistance, petitioner may well have found himself filing a § 2254 petition from death row. Therefore, I reject petitioner's argument that counsel's alleged conflict of interest rendered the waiver involuntary and unenforceable.

 Petitioner next contends that the trial court failed to advise petitioner of his post-conviction rights or the legal consequences flowing from the relinquishment of those rights, thereby rendering the waiver unknowing and involuntary. A criminal defendant's waiver of rights is generally enforceable if knowingly and voluntarily made. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). There is no requirement, however, that a waiver of constitutional rights must be discussed in a plea colloquy to establish that the waiver is knowing and voluntary. *See United States v. Michlin,* 34 F.3d 896, 899 (9th Cir.1994).

As explained by the Supreme Court in *United States v. Ruiz,* 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002):

> [T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it. A defendant, for example, may waive his right to remain silent, his right to a jury trial, or his right to counsel even if the defendant does not know the specific questions the authorities intend to ask, who will likely serve on the jury, or the particular lawyer the State might otherwise provide.
>
> \* \* \* \* \* \*
>
> [T]his Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor.

*Id.* at 629–30, 122 S.Ct. 2450. Further, even if a defendant "lack[s] a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information provided to him satisfied the

constitutional minimum." *Patterson v. Illinois,* 487 U.S. 285, 294, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988) (quotation marks omitted).

In finding petitioner's waiver knowing and voluntary, the PCR court acknowledged that petitioner's trial counsel testified that they could not recall specifically discussing the waiver provision with petitioner. Ex. 120, p. 2; TP, Sept. 29, 1997 (PCR trial), pp. 23, 25. However, in the absence of contrary evidence, the PCR court found persuasive the testimony of one attorney that he had underlined almost all of the provisions in his copy of the plea agreement, including the waiver provision, indicating that he discussed the waiver with petitioner, and the testimony of the other attorney that he routinely discussed all provisions of plea agreement with his clients. Ex. 120, p. 2; TP, Sept. 29, 1997, (PCR trial) pp. 14–16, 22–25.

The PCR court also relied on petitioner's statements made under oath during the plea hearing. Exs. 120, 121. Petitioner stated that he had read the plea agreement himself and that counsel's investigator had read the agreement to him, that he had discussed the provisions of the agreement fully with counsel, that he understood the nature and elements of the charges, the consequences of pleading guilty, and that he was pleading guilty freely and voluntarily. Petitioner further stated that no promises or representations had been made to him other than those set forth in the plea agreement. TP, Volume VIII, pp. 8–12.

 It was not objectively unreasonable for the PCR court to rely on petitioner's statements made under oath in finding the waiver knowing and voluntary:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Finally, the plea agreement contained an explicit waiver of the right to seek state or federal post-conviction relief and provided that petitioner waived such rights in recognition of the "excellent legal representation" he received. Ex. 102, p. 2. Further, petitioner signed the agreement directly below the provision which states that he had read the plea agreement, discussed the agreement with counsel, and that he understood the terms and conditions of the plea agreement. Ex. 102, pp. 4–5; *see Michlin,* 34 F.3d at 898–99.

Thus, the PCR court's finding is neither contrary to nor an unreasonable application of clearly established federal law, and petitioner's waiver of post-conviction rights precludes federal habeas relief under § 2254.

## CONCLUSION

For the reasons set forth above, petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 27) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.