## IN THE SUPREME COURT OF THE STATE OF NEVADA

DALE ALLEN FISHER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75628

FILED

MAR 14 2019

ELIZABETH BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on November 7, 2017, more than one year after remittitur issued on October 21, 2014, from the decision on appeal from his judgment of conviction. *Fisher v. State*, Docket No. 64850 (Order of Affirmance, September 18, 2014). Thus, appellant's petition was untimely filed and subject to dismissal absent a demonstration of good cause and prejudice. *See* NRS 34.726(1).

Appellant argues that the district court erred by denying his petition because he demonstrated good cause and prejudice. Specifically, he argues that his prior attorney gave him incorrect information regarding the time frame in which appellant was required to file a postconviction petition. Appellant failed to demonstrate that an impediment external to

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-11462

the defense prevented him from filing a timely petition and thus failed to demonstrate cause to excuse the delay. *See Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997) (explaining that attorney error does not constitute good cause); *see generally Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (holding that an attorney's incorrect advice regarding the time in which to file a federal habeas petition did not warrant equitable tolling when the petitioner did not have a right to postconviction counsel).[2] And because appellant's petition was clearly procedurally barred, the district court did not abuse its discretion in declining to appoint counsel, *see* NRS 34.750, or err by refusing to conduct an evidentiary hearing, *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (recognizing that an appellant is entitled to an evidentiary hearing when his claims, if true, would warrant relief). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Stefany Miley, District Judge
        Dale Allen Fisher
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We note that appellant does not allege his attorney purposefully misadvised him in order to insulate himself from future ineffective-assistance claims. *Cf. Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000).