[No. E013746. Fourth Dist., Div. Two. Aug. 15, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE LEE RAND, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and parts I., III., IV., V. and VI.

**COUNSEL**

Randall B. Bookout, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkens, Crystal Bradley and Warren P. Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DABNEY, J.**—Defendant Eddie Lee Rand (defendant) appeals his conviction of first degree murder of Clinton Sharp III. (Pen. Code, § 187.) The jury found true enhancement allegations that defendant personally used a firearm, that a principal was armed, and that defendant discharged a firearm from a motor vehicle causing injury or death. (Pen. Code, §§ 12022.5, subd. (a), 12022, subd. (a)(1), 12022.55.) Defendant's motion for new trial was denied.

He was sentenced to twenty-five years to life for the murder, in addition to a determinate sentence consisting of four years for firearm use and five years for causing injury or death by discharging a firearm from a motor vehicle.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I.   *Insufficiency of the Evidence**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II.   *Sufficient Evidence of Premeditation and Deliberation*

■   Defendant also claims there was insufficient evidence to establish premeditation and deliberation. Defendant, an avowed Crip, argues that "[t]here was evidence of motive only if the court accepts that the group by the roadside was an assembly of Bloods," but fails to explain why this motive evaporates if Holmes and his friends and relatives were innocent bystanders, some of whom happened to be wearing red. According to defendant's own argument, "Bloods and Crips hate each other so much Bloods omit the letter 'C' in words and Crips omit the letter 'B.' [Citation.] 'The intensity of their rivalry often precipitates hostile confrontation resulting in serious injury and death.' [Citation.]" Apparently, defendant argues that, because Crips and Bloods hate each other so much, "[a] Blood [or anyone else, for that matter] dressed in red is a provocation to a Crip, and is intended to be a provocation to a Crip." Thus, "for a Crip to shoot a Blood . . . is a proverbial 'kneejerk' reaction, just the opposite of a shooting done with premeditation and deliberation."

Defendant's argument is nonsensical. A studied hatred and enmity, including a preplanned, purposeful resolve to shoot anyone in a certain neighborhood wearing a certain color, evidences the most cold-blooded, most calculated, most culpable, kind of premeditation and deliberation.

" ' "Thoughts may follow each other with great rapidity and cold, calculated judgment may be arrived at quickly . . . ." ' " (*People* v. *Thomas* (1992) 2 Cal.4th 489, 518 [7 Cal.Rptr.2d 199, 828 P.2d 101].) The law does not require that an action be planned for any great period of time in advance.

*See footnote, *ante*, page 999.

Defendant had an admitted motive for the killing; he also had the driver slow the car and virtually stop while he aimed deliberately at the stranded persons he believed were rival gang members. "[A] cold and calculating decision to kill can be arrived at very quickly; we do not measure the necessary reflection solely by its duration." (*People* v. *Pensinger* (1991) 52 Cal.3d 1210, 1238 [278 Cal.Rptr. 640, 805 P.2d 899].) There was sufficient evidence of premeditation and deliberation. (See *People* v. *Anderson* (1968) 70 Cal.2d 15, 26-27 [73 Cal.Rptr. 550, 447 P.2d 942].)

## III.-VI.*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The abstract of judgment is ordered modified to strike the enhancement under Penal Code section 12022.5, subdivision (a), reducing defendant's sentence by four years. As so modified, the judgment is affirmed.

Ramirez, P. J., and McDaniel J.,† concurred.

A petition for a rehearing was denied September 1, 1995, and appellant's petition for review by the Supreme Court was denied November 29, 1995.

---

*See footnote, *ante*, page 999.

†Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.