NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BURCIAGA, | No. 19-55006 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-03830-JVS-PJW |
| v. | |
| RAYMOND MADDEN, Warden, Centinela State Prison, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 2, 2020**
Pasadena, California

Before: CALLAHAN and LEE, Circuit Judges, and LYNN,*** District Judge.

Michael Burciaga was convicted in Los Angeles County Superior Court of

shooting at an occupied motor vehicle, unlawful possession of a firearm by a felon,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

and the attempted murders of Eddie Campbell and Adrian Torres. The jury found that Burciaga committed the attempted murders with premeditation and deliberation and also committed the attempted murders and the vehicle shooting for the benefit of his gang and with the specific intent to assist criminal conduct by members of the gang, qualifying Burciaga for certain sentencing enhancements. On appeal, the California Court of Appeal found insufficient evidence to maintain the gang enhancement for the attempted murder of Campbell, but otherwise affirmed the verdict.[1]

Burciaga filed a petition for writ of habeas corpus with the district court, claiming insufficient evidence of premeditation and deliberation for both attempted murders and of specific intent for the remaining gang enhancements. The district court denied the petition on all grounds, but granted a certificate of appealability as to the sufficiency of the evidence of premeditation and deliberation for the attempted murder of Torres. Burciaga now appeals the district court's denial of habeas relief and seeks certificates of appealability on the remaining issues.[2]

---

[1] The California Court of Appeal found that, although gang members were at the scene, there was no evidence that Burciaga acted with them when he attempted to murder Campbell. In contrast, the court found that the evidence of Burciaga's cooperation with a gang member, Robert Valdivia, when Burciaga shot at Torres was sufficient for the remaining gang enhancements.

[2] Burciaga also filed a Motion to Take Judicial Notice of a photograph of the house at which the shootings took place, admitted at trial as People's Exhibit 4, and an aerial image of the house prepared by Burciaga's counsel. The Motion is granted with respect to People's Exhibit 4, and denied with respect to the aerial image.

A petition for habeas relief challenging the sufficiency of the evidence must establish that, after viewing the evidence in the light most favorable to the prosecution, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Under the Antiterrorism and Effective Death Penalty Act of 1996, relief is available if the California Court of Appeal's decision to affirm Burciaga's conviction was an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

There was sufficient evidence to support the jury's finding that Burciaga acted with premeditation and deliberation when shooting at Torres. Premeditation and deliberation require advanced thought and the "careful weighing of considerations in forming a course of action." *People v. Cole*, 33 Cal. 4th 1158, 1224 (2004). Evidence demonstrating premeditation and deliberation includes: (1) planning; (2) motive; and (3) manner of the crime. *People v. Anderson*, 70 Cal. 2d 15, 26–27 (1968).

Shortly before Burciaga fired at Torres, Robert Valdivia identified Torres' presence by yelling, "That's his nephew. Get him." This evidences that Burciaga and Valdivia came to an agreement for Burciaga to shoot Torres, though the time of the dialogue was brief. *See People v. Bolin*, 18 Cal. 4th 297, 332 (1998), *as modified on denial of reh'g* (Aug. 12, 1998). Furthermore, both Burciaga and

3

Torres were members of the Puente Trece gang. Torres may have had a "Puente" tattoo on his forehead at the time, and Burciaga may have seen Campbell—an "original" and presumably well-known member of Puente Trece—hand Torres a gun.

Given the internal strife in the Puente Trece gang at the time, Burciaga and Torres' common membership in the gang supports the reasonable inference that there was gang-related animosity between them. Potential gang rivalries can support the existence of "a *preplanned*, purposeful resolve to shoot" gang rivals. *See People v. Sanchez*, 26 Cal. 4th 834, 849 (2001) (emphasis present). Even if Burciaga did not know Torres or his gang affiliation, Burciaga may still have considered Torres a gang rival because Torres was associated with Campbell, a well-known gang member with whom Burciaga's brother had animosity. *See People v. Rand*, 37 Cal. App. 4th 999, 1001–02 (Ct. App. 1995). Given the evidence of planning and motive, a rational trier of fact could have found beyond a reasonable doubt that Burciaga acted with premeditation and deliberation when he fired at Torres, and the California Court of Appeal's decision affirming the conviction was not an unreasonable application of federal law. *See Davis v. Woodford*, 384 F.3d 628, 640 (9th Cir. 2004).

Burciaga also challenges (1) the sufficiency of the evidence as to whether he shot Campbell with premeditation and deliberation and (2) whether he possessed

4

the necessary specific intent when he shot at Torres, who was in an occupied vehicle, to apply the gang enhancement. We construe Burciaga's briefing of these uncertified issues as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). So construed, we grant the certificates, assuming Burciaga "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and alteration omitted).[3] However, we deny Burciaga's sufficiency claims on the merits.[4]

Consideration of the *Anderson* factors supports the sufficiency of the evidence of Burciaga's premeditation and deliberation when he shot Campbell. After Campbell announced that he did not have a gun, Burciaga approached him and then shot him during their argument. It was reasonable for the jury to infer

---

[3] In his opening brief, Burciaga also challenges the sufficiency of the evidence of specific intent for the gang enhancement to his firearm possession charge. However, the record indicates that the jury did not find the gang enhancement for the firearm possession charge. Accordingly, Burciaga's request for a certificate of appealability on that issue is denied.

[4] Under Ninth Circuit Rule 22-1(f), we must allow the respondent an opportunity to brief any previously uncertified issues before we grant relief. Because we deny relief for Burciaga's previously uncertified claims, we find no need to require further briefing on those issues.

that Burciaga approached the unarmed Campbell with a gun and a plan to shoot him, if warranted when they talked. *See People v. Romero*, 44 Cal. 4th 386, 401 (2008). Burciaga also shot Campbell in the stomach at point-blank range, further demonstrating premeditation and deliberation. *See People v. Koontz*, 27 Cal. 4th 1041, 1082 (2002) (firing at a vital area of the body at close range is evidence of premeditation and deliberation.). Viewing the trial record in the light most favorable to the prosecution, a rational juror could have concluded that Burciaga acted with premeditation and deliberation when shooting Campbell. The California Court of Appeal did not unreasonably apply federal law in affirming that conviction.

There was also sufficient evidence that Burciaga shot at Torres with the necessary specific intent to apply the gang enhancement. Cal. Penal Code § 186.22(b) requires proof that Burciaga committed the charged offenses "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." A jury may infer specific intent to promote, further, or assist if the "evidence establishes that the defendant intended to and did commit the charged felony with known members of a gang." *People v. Albillar*, 51 Cal. 4th 47, 68 (2010).

Valdivia yelled, "That's his nephew. Get him," before Burciaga shot at the

6

vehicle in which Torres sat. Valdivia was a member of the Perth Street clique of Puente Trece. Given Burciaga's willingness to accept the suggestion from Valdivia to commit a violent act, Burciaga likely knew Valdivia's identity and gang membership. This certainly supports a reasonable inference that Burciaga acted with a known Puente Trece–Perth Street clique member to shoot at an occupied vehicle and attempt to murder Torres. Viewing the evidence in the light most favorable to the prosecution, a rational juror could have concluded that Burciaga acted with the necessary specific intent. Moreover, the California Court of Appeal did not unreasonably apply federal law when it held that there was sufficient evidence of specific intent to apply gang enhancements to Burciaga's attempted murder of Torres and shooting of an occupied vehicle.

On appeal, Burciaga challenges, for the first time, the gang enhancements based on the sufficiency of the evidence as to the existence of the gang that Burciaga allegedly sought to promote, further, or assist. A habeas petitioner must exhaust his state remedies before filing a petition for relief under 28 U.S.C. § 2254. *Manning v. Foster*, 224 F.3d 1129, 1132 (9th Cir. 2000). A procedural default from the failure to do so may be excused if the petitioner "can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The latter is reserved for "an extraordinary case, where

a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Such an innocence claim requires "new reliable evidence . . . that was not presented at trial." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

We see no cause to excuse Burciaga's procedural default. He has not demonstrated a fundamental miscarriage of justice as he does not claim actual innocence or present any new evidence. Therefore, his argument that there was insufficient evidence to establish the existence of a gang, to support the gang enhancement, is not properly before us.

**AFFIRMED.**